# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DWAYNE ASHFORD, <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL EXPERTISE IN OUTSOURCING GROUP, INCORPORATED, aka GEO, Incorporated, <br><br> Defendant. | Civil No. 05cv0267 J (CAB) <br><br> **1) ORDER GRANTING STAY OF JURY TRIAL; AND** <br><br> **2) ORDER VACATING WRIT OF HABEAS CORPUS AD TESTIFICANDUM TO TRANSPORT PLAINTIFF EDWARD DWAYNE ASHFORD, CDC# T-69591** |

Before the Court is Defendant's, Global Expertise in Outsourcing Group ("GEO"), Motion to Continue Trial. [Doc. No. 125.] The Court reviewed the papers filed and determined that the issues presented were appropriate for decision without oral argument. *See* S.D. Cal. Civ. R. 7.1(d)(1) (2006). For the reasons set forth below, the Court **GRANTS** Defendant's Motion.

*Background*

Plaintiff filed a civil rights action in the Eastern District of Texas, *Ashford v. USA, et al.*, 02-cv-598 ("the Texas action"). The complaint in the Texas action alleged failure of prison authorities to protect Plaintiff from violence by other inmates. (*See* FAC at 9.) On September 22, 2004, Plaintiff left Calipatria State Prison to attend an evidentiary hearing scheduled in the Texas action. (*See id.* at 11.) Plaintiff claims he had his legal materials with him in a box with his name, federal register number, and destination written on it. (*See id.*) On September 27, 2004, Plaintiff contends that he arrived at a detention facility operated by GEO in San Diego,

California, in possession of his box. (*See id.* at 12.) Upon his arrival at the facility, Plaintiff contends his box was confiscated and placed in a bag containing his other personal property. (*See id.*) On October 8, 2004, Plaintiff was transported from the GEO facility to a nearby airport, and instructed to board the U.S. Marshals' Service airlift. (*See id.* at 14.) Plaintiff contends that since he was not allowed to bring any possessions aboard the airlift that were not contained in a box marked with his name, register number and destination, Plaintiff was required to board the airlift without his legal documents. (*See id.*) Plaintiff contends his files were taken back to the GEO facility with a promise that they would be mailed to the U.S. Marshals' office in Beaumont, Texas. (*See id.*)

Plaintiff claims that at the conclusion of the hearing in the Texas action, Plaintiff's documents had not arrived. Plaintiff claims that the presiding judge noted that because Plaintiff did not have the documents he wanted to present, he could submit his arguments and evidence at a later time. On September 15, 2005, the court in the Texas action granted the defendant's motion for summary judgment. According to Plaintiff, his missing documents contained evidence proving that under the Bureau of Prison policy it was mandatory to keep him segregated from a known dangerous inmate.

### *Discussion*

Defendant requests that the trial date be extended by a period of five months. According to Defendant, Defendant learned on July 19, 2007, that the Texas action is currently on appeal before the Fifth Circuit Court of Appeals (Doc. No. 05-41482) ("the Texas appeal"). Defendant argues that Plaintiff's claim for money damages based on an adverse ruling in the Texas action is "speculative and premature," since the Texas action is currently on appeal. Defendant also argues that no prior continuance has been requested by GEO, and Plaintiff will not suffer prejudice by continuing this trial.

The Court agrees with Defendant that the trial date should be extended. Defendant has provided the PACER case summary of the Texas appeal indicating that a decision has not been reached. (*See* Mot. Extend Trial; Ex. B.) Additionally, based on an inquiry with the Clerk of the Fifth Circuit, the Texas appeal is still pending. It would be of benefit to both parties to allow for the appeal on the Texas action to be finalized prior to proceeding with the instant trial, which is

related to the Texas action. Assuming the jury does find for Plaintiff, the issue of damages would likely be speculative based on the lack of finality in the Texas action. However, the Court does not find that a five month trial extension is necessary. Rather, the Court **STAYS** the trial and hearing on all motions in limine until a decision has been reached in the Texas appeal. Plaintiff's reply brief in the Texas appeal was filed nearly a year ago, on August 21, 2006, and thus, a decision is likely imminent.

*Conclusion*

Accordingly, the Court **STAYS** the August 6, 2007 hearing on motions in limine and the August 14, 2007, trial date until a decision has been reached in the Texas appeal (Doc. No. 05-41482). The Parties **are required to notify the Court within fifteen (15) days** of a decision being reached in the Texas appeal (Doc. No. 05-41482) to reschedule the hearing on motions in limine and the trial date. However, the scheduling order issued by the Court in the June 25, 2007, Trial Order remains in effect with respect to the hearing on motions in limine. In other words, all motions in limine were required to be filed by July 9, 2007. New dates for the submission of the final list of witnesses and exhibits, the joint description of the case, jury instructions, and trial brief will be set when the Court is notified of the decision in the Texas appeal.

**To: The Warden of California State Prison – Calipatria, 7018 Blair Road, P.O. Box 5002, Calipatria, California 92233-5002:**

The Court also **VACATES** the Writ of Habeas Corpus Ad Testificandum as to **EDWARD DWAYNE ASHFORD, CDC# T-69591** originally scheduled for August 14, 2007, at 8:00 a.m. A new Order will issue when the Court is notified of the decision in the Texas appeal.

**IT IS SO ORDERED.**

DATED: August 2, 2007

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc:   Magistrate Judge Bencivengo
      All Parties